E-FILED
Friday, 12 January, 2018 08:59:18 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY WESTMORELAND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NURSE LAYOLA PARISH, ) <br> DR. BAUTISTA, WEXFORD ) <br> HEALTH SOURCES, INC., AND ) <br> HEALTH CARE UNIT ) <br> ADMINISTRATOR, ) <br> ) <br> Defendants. ) | 17-CV-4321 |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in the Danville Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

status into account.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges injurious medical care during his incarceration in the Hill Correctional Center.  Plaintiff had back pain caused by pre-existing problems such as "degenerative disc disease, scoliosis, [chronic wedge compression], and compressed discs."  (Compl. p. 5.)  On June 22, 2017, Dr. Bautista prescribed physical therapy, allegedly knowing that Plaintiff would need to be scheduled to see an outside physical therapist to learn the exercises properly.  On June 26, 2017, Plaintiff arrived at the health care unit for his physical therapy.  Defendant Nurse Parrish asked Plaintiff if he had been sent out to receive instructions from the physical therapist.  Plaintiff replied no and further stated that he had not been instructed on how to perform the physical therapy.  Instead of sending Plaintiff to the physical therapist, Dr. Bautista wrote a list of exercises for the Plaintiff.  Nurse Parrish instructed Plaintiff on how to perform the exercises using an exercise band, but Plaintiff

felt worse.  During the second physical therapy appointment, Plaintiff "felt a severe pain and shock run through my body, back, and legs, causing me to hit the floor, shaking uncontrollably . . . ." (Compl. p. 7.)  Dr. Bautista came in and allegedly admitted that Plaintiff should never have been using the exercise band.  Plaintiff allegedly still suffers lingering effects from the incident.

Plaintiff states an arguable Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs against Defendants Dr. Bautista and Nurse Parrish.  Negligence or a mistake is not deliberate indifference, but at some point alleged incompetence can rise to such a substantial departure from accepted practice that deliberate indifference can be inferred. Wexford Health Sources, Inc., cannot be liable solely as an employer.  Wexford is liable only if an unconstitutional policy or practice caused the deliberate indifference by Dr. Bautista and Nurse Parrish.  However, Wexford will stay in the case until the record is developed as to why Dr. Bautista and Nurse Parrish did not send Plaintiff to a physical therapist.

Plaintiff also sues an unnamed health care administrator, but he does not say how this individual was personally involved.

Additionally, Plaintiff must identify the name of this person before he or she can be served.  At this point, the unnamed health care administrator will be dismissed, without prejudice to filing an amended complaint, which should include an explanation of how the health care administrator was personally involved and that person's name, if known.  If Plaintiff files an amended complaint, the proposed amended complaint must include all claims against all Defendants.

Plaintiff also pursues a state law medical malpractice claim, but to do so he must attach the affidavit and report required by 735 ILCS 5/2-622(a).

**IT IS THEREFORE ORDERED:**

1)     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim against Defendants Bautista, Parrish, and Wexford Health Sources, Inc.   This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Plaintiff's malpractice claim is dismissed without prejudice to refiling with the affidavit and report required by 735 ILCS 5/2-622(a).

3) Defendant "Health Care Administrator" is dismissed, without prejudice, for failure to state a claim.

4) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper

filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

13) **Plaintiff's motion for the Court to appoint counsel is denied (6),** with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own. <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

14) **The clerk is directed to terminate Defendant "Health Care Administrator."**

15) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

16) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: **January 12, 2018**

FOR THE COURT:

                                        s/Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE